IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| IVAN MOCTEZUMA, #R60368, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 16-cv-00676-MJR |
| | ) |
| BENERIO SANTOS, | ) |
| and WEXFORD MEDICAL, | ) |
| | ) |
| | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

**REAGAN, Chief District Judge:**

Plaintiff Ivan Moctezuma, an inmate who is currently incarcerated at Centralia Correctional Center ("Centralia"), brings this *pro se* action for alleged violations of his constitutional rights under 42 U.S.C. § 1983 (Doc. 1). Plaintiff claims that Defendant, Doctor Benerio Santos, has failed to adequately diagnose his medical condition and has demonstrated deliberate indifference to his ongoing need for medical care (*Id.* at 5). In essence, the Plaintiff alleges that he is suffering from inexplicable chronic pain, and that the treatment he has received has been insufficient to either determine the root cause of his ailment or to alleviate the symptoms (*Id.*). In connection with these claims, Plaintiff sues Benerio Santos (doctor), and Wexford Health (Centralia medical contractor) for monetary damages and injunctive relief.

This case is now before the Court for a preliminary review of the Complaint pursuant to 28 U.S.C. § 1915A. Under Section 1915A, the Court is required to promptly screen prisoner Complaints to filter out nonmeritorious claims. 28 U.S.C. § 1915A(a). The Court is required to dismiss any portion of the Complaint that is legally frivolous, malicious, fails to state a claim

upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief. 28 U.S.C. § 1915A(b). The Complaint will be allowed to proceed in its entirety against Defendant Santos. Defendant Wexford Medical is dismissed.

## The Complaint

Plaintiff's statement of his claims is impressively succinct (Doc. 1 at 5). He alleges that he is experiencing ongoing weakness in his legs, pain in his knees and hips, difficulty walking or lying down for long periods of time, easy bruising, and head and neck pressure (*Id.*). He reports that he has requested numerous medical appointments, and that Santos has continually failed to diagnose his condition (*Id.*). Apparently, Santos has told the Plaintiff that "nothing is wrong" with him (*Id.*). Santos has prescribed medications, though they do not work to alleviate the symptoms (*Id.*). Plaintiff alleges that Santos' conduct constitutes deliberate indifference and subjects him to cruel and unusual punishment. (*Id.*).

Appended to the Complaint, Plaintiff has included 12 pages of grievances he filed seeking further medical treatment (*Id.* at 7-18). The grievances span from September 2015 through March 2016 (*Id.*). The grievances generally reflect an ongoing pattern of the Plaintiff seeing Santos, Santos providing an incremental change in care, Plaintiff grieving that he is not getting adequate care, and the grievance officials deeming the progression of care adequate (*Id.*). From September through March the Plaintiff has received a CAT scan, lab testing, and ultrasound screening, which all produced "normal" results (*Id.*). The grievances note that the Plaintiff was successfully treated for stomach issues and slight dehydration (*Id.* at 11). In approximately November, the Plaintiff was prescribed medication for his pain, though he alleges that he does not know why the medication was prescribed and that it did not alleviate the symptoms (*Id.* at 7-8). At a November visit Santos allegedly told him he "was crazy and that

[he] didn't know what [he] was talking about." (*Id.*). Aside from Santos, the Plaintiff also apparently saw a Dr. Garcia on at least one occasion, and the two doctors were reportedly working together to monitor the Plaintiff as of December 2015 (*Id.* at 9).

## Discussion

Based on the allegations, the Court finds it appropriate to treat the Plaintiff's Complaint as containing a single issue of Eighth Amendment deliberate indifference. This legal theory will encompass both of the claims that the Plaintiff asserted in his own pleading—failure to treat and generic deliberate indifference. Because those two claims are so similar in nature, and share many common legal principles, it is best that they proceed in tandem.

The Eighth Amendment to the United States Constitution protects prisoners from cruel and unusual punishment. *See* U.S. CONST. amend. VIII. The Supreme Court has held that "deliberate indifference to serious medical needs of prisoners" may constitute cruel and unusual punishment. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *see Erickson v. Pardus*, 551 U.S. 89, 94 (2006) (per curiam). To state a medical claim under the Eighth Amendment, a plaintiff must show that his condition "was objectively serious," and that officials acted with the requisite intent—deliberate indifference—towards that condition. *Sherrod v. Lingle*, 223 F.3d 605, 610 (7th Cir. 2000). Put differently, a plaintiff must make a two part showing—(1) that his condition is objectively serious, and that, (2) subjectively, the treating physician intentionally and deliberately failed to provide adequate care. *See Gutierrez v. Peters*, 111 F.3d 1364, 1369 (7th Cir. 1997).

Whether an injury is serious enough is a very fact specific inquiry—seriousness may be shown if an ordinary doctor opined an injury warranted treatment, if an injury significantly impacted an individual's daily activities, or if an injury caused chronic or substantial pain,

among other things. *Id.* As to the subjective component, an official "must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Jackson v. Ill. Medi-Car, Inc.*, 300 F.3d 760, 765 (7th Cir. 2002). If an official reasonably responds to a risk, even if harm was not averted, deliberate indifference does not exist. *Id.* A claim for medical negligence does not amount to deliberate indifference. *Gutierrez*, 111 F.3d at 1369.

The Plaintiff's alleged conditions—chronic pain, significant weight loss, and an increasing loss of mobility—are objectively serious for purposes of an Eighth Amendment claim. *See id.* at 1373. Plaintiff's claim also passes the subjective hurdle at this juncture because allegations of a failure to treat in the face of an objectively serious medical condition can constitute indifference, depending on the circumstances. *See Arnett v. Webster*, 658 F.3d 742, 753 (7th Cir. 2011) (noting that intentional delays or treatment, or intentional failure to follow a recommended course of treatment can constitute deliberate indifference); *McGowan v. Hulick*, 612 F.3d 636, 640-41 (7th Cir. 2010) (reiterating that the subjective state of the medical actor in the provision of medical care, or lack thereof, is a critical factual determination). The Plaintiff's claim may ultimately turn on whether Defendant Santos' course of treatment was reasonable in light of the Plaintiff's complaints. If the treatment was reasonable, the claim will fail, if it was not, the claim may succeed. *See Jackson*, 300 F.3d at 765. In any event, the Court cannot resolve this question at this juncture, so the Complaint will proceed against Defendant Santos.

The complaint may not, however, proceed against Wexford at this time. Wexford is a corporate entity and is therefore treated as a municipality for § 1983 purposes. *See id.* at 766, n.6. "[T]o maintain a § 1983 claim against a municipality, [a plaintiff] must establish the requisite culpability (a 'policy or custom' attributable to municipal policymakers) and the

requisite causation (the policy or custom was the 'moving force' behind the constitutional deprivation)." *Gable v. City of Chicago*, 296 F.3d 531, 537 (7th Cir. 2002). Here, Plaintiff has not alleged any custom or policy attributable to Wexford that impacted the level of care he received. *See, e.g.*, *Olive v. Wexford Corp.,* 494 F. App'x 671, 673 (7th Cir. 2012) (allegation that Wexford had a policy of "denying prison inmates adequate medical care" insufficient, as it did not "identify any concrete policy, let alone an unconstitutional one."). Therefore, Wexford is dismissed without prejudice.

### Pending Motions

Plaintiff has filed a Motion for Recruitment of Counsel (Doc. 3), which shall be **REFERRED** to United States Magistrate Judge **Stephen C. Williams** for a decision.

Plaintiff's Motion for Service of Process at Government Expense (Doc. 4) is hereby **GRANTED** as to Defendant Santos.

### Disposition

**IT IS ORDERED** that **the COMPLAINT** shall receive further review as to **DEFENDANT SANTOS**. By contrast, **DEFENDANT WEXFORD MEDICAL** is **DISMISSED** with prejudice for failure to state a claim upon which relief may be granted.

The Clerk of Court shall prepare for **DEFENDANT SANTOS**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint, and this Memorandum and Order to the Defendant's place of employment as identified by Plaintiff. If the Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on the Defendant, and the Court will require the Defendant to pay the full costs of

formal service, to the extent authorized by the Federal Rules of Civil Procedure.

With respect to a Defendant who no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Plaintiff shall serve upon the Defendant (or upon defense counsel once an appearance is entered), a copy of every pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of the document was served on the Defendant or counsel. Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

The Defendant is **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to United States Magistrate Judge **Stephen C. Williams** for further pre-trial proceedings, including a decision on Plaintiff's Motion for Recruitment of Counsel (Doc. 3). Further, this entire matter shall be **REFERRED** to United States Magistrate Judge **Williams** for disposition, pursuant to Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *if all parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under § 1915, Plaintiff will be required to pay the full amount of the costs, regardless of the fact that his application to proceed *in forma pauperis* has been granted. *See* 28 U.S.C. §

1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against plaintiff and remit the balance to plaintiff. Local Rule 3.1(c)(1).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

    **IT IS SO ORDERED.**

    **DATED: August 3, 2016**

    **s/ MICHAEL J. REAGAN**
    **U.S. Chief District Judge**